TEXAS MOLINE PLOW CO. et al. v. HENDERSON. (No. 7934.)

(Court of Civil Appeals of Texas. Ft. Worth. April 11, 1914. Rehearing Denied May 23, 1914.)

HOMESTEAD (§ 112*)—SALE—ABANDONMENT—CONVEYANCE.

There was no completed sale of a homestead prior to the delivery of a deed to the purchaser, so that if the homestead was abandoned prior to the delivery of such deed, it became subject to a judgment against the grantor.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 179–181, 186, 187, 190; Dec. Dig. § 112.*]

Appeal from District Court, Eastland County; Thomas L. Blanton, Judge.

Suit by W. H. Henderson against the Texas Moline Plow Company and others. Judgment for complainant, and defendants appeal. Reversed and rendered.

D. M. Oldham, Jr., of Abilene, and J. R. Stubblefield, of Eastland, for appellants. Scott & Brelsford, of Eastland, for appellee.

SPEER, J. W. H. Henderson filed this suit seeking an injunction to restrain the Texas Moline Plow Company from selling certain real estate situated in Eastland county, upon the allegation that such property was the residence homestead of one T. B. Roberds, at the time of the sale of said property by Roberds to one Gryder, from whom he, the plaintiff, had purchased 'the same, and that the defendant who held a judgment against Roberds was claiming the right to sell the property by virtue of an execution issued thereon, and levied at a time when such property was the homestead of Roberds. The case was tried before a jury on special issues upon which judgment was entered in favor of the plaintiff, and the defendant has appealed.

In answer to special issues the jury found that the property in controversy was the homestead of T. B. Roberds and wife at the time of the sale of the same to W. D. Gryder; that·T. B. Roberds abandoned the property in controversy as a homestead on or about November 12, 1912; that he formed the intention of taking up land and acquiring a homestead in Arizona on or about December 6, 1912; that.Roberds and wife made and delivered on or about January 31, 1913, a deed to the land in controversy to W. D. Gryder, and that Roberds made an application to have awarded to him 320 acres of land in Arizona as a homestead on or about December 7, 1912; and that the statements made in the said application were true at the

time the application was made. During the deliberations of the jury they returned into court and propounded the following question:

"When does the law consider a sale of real estate made?"

To which the court answered in writing:

"So far as this case is concerned, when all of the essential elements of the deal have been agreed upon and the only thing left to be done is to pass the title papers, when they have been prepared according to such agreement."

As interpreted in the light of this charge under the undisputed facts in evidence, the jury have found that the property in controversy was abandoned as a homestead prior to its sale to Gryder on January 3, 1913, and in this way the lien of appellant's judgment, the same having been properly abstracted July 6, 1908, attached to the property, unless, as indicated in the court's answer to the jury's interrogatory, the sale of the Roberds' property occurred when the terms of the deal had been agreed upon and the "title papers" had been prepared. We do not concur in this enunciation of the law. It is thoroughly well settled that an oral agreement, or even a written contract, to convey the homestead confers no right upon any one. Such agreements and contracts are unenforceable. Under our statute the wife may retract at any time prior to the actual execution of the deed. The Roberds' homestead, therefore, was not sold until January 3, 1913, and if, as found by the jury, it was abandoned before that time, appellant's lien attached, and it is entitled to judgment. The judgment of the district court is therefore reversed, and judgment here rendered in favor of appellants.

Reversed and rendered.